■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC McCRAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered October 12, 1983, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Because the codefendant testified at the trial, the defendant was not denied his 6th Amendment right to confrontation (see, Bruton v United States, 391 US 123). Moreover, since the defendant's and codefendant's confessions were "interlocking" in that they were "duplicative" in their description of the crucial facts of the crime, the probability of prejudice to the defendant by the introduction of the codefendant's confession was so negligible that the defendant was not deprived of a fair trial (People v Berzups, 49 NY2d 417; see, People v Cruz, 66 NY2d 61, 64, cert granted — US —, 106 S Ct 2888; People v Brensic, 118 AD2d 281). The fact that these confessions implicated both the defendant and the codefendant as the shooter does not require reversal of the conviction herein in light of the interlocking nature of the remainder of the confessions.

Since the defendant denied that unrelated charges were pending against him when he was questioned by the police, it was reasonable for the police to rely on his denial in not conducting a further investigation of whether the defendant's right to counsel had attached at the time of the prior unrelated arrest (see, People v Lucarano, 61 NY2d 138). Therefore, it was not error for the hearing court to deny suppression of the statement made by the defendant upon being questioned by the police (see, People v Bertolo, 65 NY2d 111).

The defendant's remaining contentions are without merit. Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.