■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), entered April 9, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officers.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of the fatal shooting of Abelaido "JoJo" Acevedo in the early morning of February 1, 1985.

On the instant appeal, the defendant argues, *inter alia,* that his interrogation by the police on February 25 and 26, 1985, was conducted in violation of his right to counsel as set forth by the Court of Appeals in *People v Bertolo* (65 NY2d 111), and that his statements, which were given in response to that interrogation, must be suppressed. We disagree.

"Where the police know * * * that charges are pending but fail to make inquiry which would disclose that counsel has been assigned or retained, any custodial questioning of the suspect by them in counsel's absence is barred" *(People v Bertolo, supra,* at 116). Although the police concededly knew at the time of the challenged interrogation that a bench warrant had been issued for the defendant's arrest in a

pending criminal case, the record supports the hearing court's finding that the defendant advised the police that he had "had that warrant vacated and the case was taken care of". Under these circumstances, the defendant's constitutional right to counsel was not violated and suppression of these statements is not warranted *(People v Shavers,* 69 NY2d 766; *People v McCray,* 125 AD2d 499, 500; *People v Marshall,* 98 AD2d 452, 463; *People v Prochilo,* 41 NY2d 759). As this court stated in *People v Marshall (supra,* at 463): "the police are entitled to end their inquiry when they are reasonably led to believe that the only prior case about which they have knowledge has been terminated".

We have examined the remaining claims of error advanced by the defendant and find them to be either unpreserved for appellate review, harmless, or without merit (CPL 470.05 [2]; *Wong Sun v United States,* 371 US 471; *People v Tanner,* 30 NY2d 102; *People v Chapple,* 38 NY2d 112; *People v Mirenda,* 23 NY2d 439, 453; *People v Ashwal,* 39 NY2d 105, 109-110). Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.